IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK NOONAN, et al.                    :          CIVIL ACTION
                                        :
                                        :
            v.                          :
                                        :
                                        :
KATHLEEN KANE, et al.                   :          NO. 15-6082

MEMORANDUM

Bartle, J.                                          December 2, 2016

        Before the court is the motion of plaintiffs "pursuant
to Rule 60(b) to vacate order granting defendant Kane's motion to
dismiss plaintiffs' amended complaint and seeking leave to file a
second amended complaint."

        Plaintiffs are Frank Noonan, Randy Feathers, Richard A.
Sheetz, Jr., E. Marc Costanzo, and Frank Fina.  Noonan is the
retired Commissioner of the Pennsylvania State Police.  Feathers
is a retired Regional Director of the Bureau of Narcotics and
Investigation and Control of the Office of the Attorney General
of Pennsylvania ("OAG").  Sheetz served as a former Executive
Deputy Attorney General Directing the Criminal Law Division of
the OAG.  Costanzo is a former Deputy Attorney General for the
OAG.  Finally, Fina is a former Chief Deputy Attorney General for
the OAG.

        Plaintiffs' first amended complaint contained claims
under 42 U.S.C. § 1983 and supplemental state law claims

involving six defendants:   former Pennsylvania Attorney General
Kathleen Kane; Michael Miletto, an investigator for the Office of
the Attorney General; the <u>Philadelphia Daily News</u>; one of its
reporters, Christopher Brennan; and Philadelphia Media Network,
LLC and Philadelphia Media Network (Digital) LLC, which together
own the <u>Philadelphia Daily News</u>.

Plaintiffs alleged that Kane, in violation of § 1983,
retaliated against them for engaging in speech protected by the
First Amendment.   Costanzo and Fina averred that Kane, Miletto,
and Brennan engaged in a conspiracy to retaliate against them for
the same protected speech.   Costanzo and Fina also raised
defamation and false light claims under Pennsylvania law against
Brennan, Philadelphia Media Network, LLC, and Philadelphia Media
Network (Digital) LLC.

The defendants filed motions to dismiss the respective
counts against them pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure for failure to state a claim upon which
relief can be granted.   On July 19, 2016, we granted defendants'
motions to dismiss Counts I through VI for failure to state a
claim.   We dismissed without prejudice pursuant to 28 U.S.C. §
1367(c)(3) the supplemental state law claims presented in Counts
VII and VIII.   Plaintiffs filed a notice of appeal on August 9,
2016.

While the appeal is pending, plaintiffs filed on
October 26, 2016 a motion with this court pursuant to Rule 60(b) of
the Federal Rules of Civil Procedure to vacate the court's order
granting the defendants' motions to dismiss on the ground that new
evidence has come to their attention.  They seek leave to file a
second amended complaint.

Under Venen v. Sweet, while an appeal is pending the
district court has the ability to entertain and deny a Rule 60(b)
motion.  758 F.2d 117, 123 (3d Cir. 1985).  However if a district
court is inclined to grant the Rule 60(b) motion, it must certify
this intention to the Court of Appeals.  Id.  It is only if the
Court of Appeals remands the case does the district court have
the power to grant the motion.  Id.

Plaintiffs urge us to advise the Court of Appeals of our
intention to grant relief under Rule 60(b) and to allow them to
file a second amended complaint.  They seek to incorporate into
their proposed pleading recently released testimony from Kane's
recent state court criminal trial, which concluded with a guilty
verdict on August 15, 2016.  See Commonwealth v. Kane, No. CR-6239,
CR-8423 (Ct. Comm. Pl. Montgomery Cnty. 2016).  The testimony,
which they attach to their motion, is that of Joshua Morrow, who
testified against Kane at the trial and during a grand jury
investigation.  This testimony was not available to plaintiffs at
the time the first amended complaint was filed.

-3-

While plaintiffs seek to file a second amended complaint in light of this recent testimony, they have not attached a proposed second amended complaint to the instant motion.  They apparently expect the court to cull through more than 200 pages of testimony and speculate as to what plaintiffs would allege and against whom in the new version of their pleading.  This is not the proper role of this court.[1]

Accordingly, we will deny plaintiffs' motion "pursuant to Rule 60(b) to vacate order granting defendant Kane's motion to dismiss plaintiffs' amended complaint and seeking leave to file a second amended complaint."

---

1. Plaintiffs' entire request for relief is unspecific.  It is unclear whether plaintiffs seek the reversal of the portion of the order that granted Kane's motion to dismiss, or whether they seek the reversal of the court's entire order that granted defendants' motions to dismiss. (See Doc. # 43).  While the caption of plaintiffs' motion only references Kane, the body of plaintiffs' brief suggests the second amended complaint would contain amended claims against all defendants.  (See Doc. # 47). As noted above, plaintiffs have neither provided a proposed second amended complaint nor identified which counts or defendants would be implicated.