```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| FRANK NOONAN, et al. | : | CIVIL ACTION |
| v. | : | |
| KATHLEEN KANE, et al. | : | NO. 15-6082 |

MEMORANDUM

Bartle, J.                                               November 5, 2019

Plaintiffs Frank Noonan, Randy Feathers, Richard A. Sheetz, Jr., E. Marc Costanzo, and Frank Fina have filed this action under 42 U.S.C. § 1983 against Kathleen Kane, the former Pennsylvania Attorney General, and against Michael Miletto, an investigator in the Office of the Attorney General ("OAG") for violating their First Amendment rights.[1]  Before the court is the motion of plaintiffs under Rule 37(a) of the Federal Rules of Civil Procedure to compel production of attorney communications and work-product which plaintiffs maintain that Kane put into issue by asserting the advice of counsel as a defense.

---

1. Plaintiffs also brought state law claims of defamation and false light against the Philadelphia Media Network, LLC, and Philadelphia Media Network (Digital) LLC, which together own the Philadelphia Daily News, and a reporter Christopher Brennan. The parties agreed to dismiss these defendants.

I

Plaintiffs are former employees of the OAG who were involved in the OAG's investigation of Jerry Sandusky, a former Penn State football coach convicted of sexually abusing numerous boys.

Kathleen Kane was elected Pennsylvania Attorney General in November 2012. According to the complaint, Kane was highly critical of the OAG during her campaign, accusing her predecessor of incompetence and political maneuvering in connection with the Sandusky investigation. Plaintiffs were the subject of much of Kane's criticism.

Plaintiffs allege Kane performed an investigation into the OAG's handling of the Sandusky investigation after she assumed office as Pennsylvania Attorney General in January 2013. The investigation turned up numerous emails which contained off-color and, in some cases, adult materials. These emails were received and forwarded by OAG employees. Plaintiffs received several of them. On September 23, 2014, Kane held a press conference, after which she made many of the emails available to the media. Kane, in a subsequent interview broadcast by CNN on November 18, 2014, allegedly accused plaintiffs of viewing child pornography contained in the emails but later admitted that the emails did not contain child pornography.

The crux of plaintiffs' action against Kane is that she retaliated against them for criticizing her in connection with the Sandusky controversy. Plaintiffs allege that the emails Kane selected for release to the media were sent or received by employees who had either spoken out against Kane in connection with the Sandusky Investigation or were friends or professional associates of the plaintiffs.

During discovery, plaintiffs made a request for production of "any final report and/or memorandum prepared by Post & Schell, P.C. attorneys regarding any Right-to-Know requests submitted to the Pennsylvania Office of Attorney General." Defendants responded on July 3, 2019 that no such final report or memorandum had been located and that none was believed to exist. Defendants also "reserve[d] the right to refuse to produce such a memorandum as a attorney-client communication."

Plaintiffs also requested in an interrogatory that defendants "identify the person or persons who made the decision as to what names would be redacted and what names would be unredacted and released to the media in connection with the emails displayed to the media on or about September 25, 2014." Defendants responded that, after consulting with counsel, Kane made the decision to release the emails even though Pennsylvania's Right-to-Know-Law did not require their release.

On October 9, 2019, during a deposition of Kathleen Kane, plaintiffs' counsel asked whether she relied on the advice of counsel to make her decision to release the emails. Kane answered that "[w]hen I made the decision to release the e-mails, yes, I was relying upon advice of counsel as to what the Right-to-Know law said that I could or couldn't do, or that was a requirement or that wasn't a requirement."

Based on these responses, plaintiffs argue that defendants have raised an advice-of-counsel defense and have therefore placed into issue attorney communications and work-product relating to the decision to release the emails. Plaintiffs now seek this information.

II

Our Court of Appeals has held that a party waives attorney-client privilege for the purpose of discovery only where the party asserting the privilege takes an affirmative step to place attorney advice into issue. Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994). As explained by our Court of Appeals:

> [A] client may waive the privilege as to
> certain communications with a lawyer by
> filing a malpractice action against the
> lawyer. . . . A defendant may also waive the
> privilege by asserting reliance on the advice
> of counsel as an affirmative defense. . . .
> [W]here a party is accused of acting
> willfully, and where that party asserts as an

> essential element of its defense that it
> relied upon the advice of counsel, the party
> waives the privilege regarding communications
> pertaining to that advice. . . .
>
> In these cases, the client has made the
> decision and taken the affirmative step in
> the litigation to place the advice of the
> attorney in issue. Courts have found that by
> placing the advice in issue, the client has
> opened to examination facts relating to that
> advice. Advice is not in issue merely
> because it is relevant, and does not
> necessarily become in issue merely because
> the attorney's advice might affect the
> client's state of mind in a relevant manner.
> <u>The advice of counsel is placed in issue
> where the client asserts a claim or defense,
> and attempts to prove that claim or defense
> by disclosing or describing an attorney
> client communication</u>.

<u>Rhone-Poulenc Rorer Inc.</u>, 32 F.3d at 863 (emphasis added).

Defendants have not placed the advice of counsel in issue. They have not pleaded advice of counsel as an affirmative defense nor have they discussed the substance of any attorney communication or work-product to rebut an essential element of any of plaintiffs' claims. Rather, defendants simply responded to plaintiffs' interrogatories and Kane simply responded to questions asked of her by plaintiffs' counsel at her deposition that she consulted with her counsel before she made her decision to release the emails. A party's statement that counsel was consulted to make a decision is not an "affirmative step" placing the resulting attorney advice in issue. <u>See</u> <u>New Jersey Mfrs. Ins. Co. v. Brady</u>,

Civil Action No. 15-2236, 2017 WL 264457, at *13 (M.D. Pa. Jan. 20, 2017)(citing <u>Rhone-Poulenc Rorer Inc.</u>, 32 F.3d at 863). It does not raise an affirmative defense where a defendant states she relied on the advice of counsel when asked if she did so at her deposition. <u>Id.</u> Otherwise, opposing counsel by artful questioning of a witness could easily thwart her attorney-client privilege and the work-product protection.

Defendants represent in their response to plaintiffs' motion to compel that they are not raising an advice-of-counsel defense. We agree that defendants have not done so. Based on defendants' representation, they are of course estopped from doing so hereafter.

IV

For this reason, we will deny the motion of plaintiffs to compel discovery of attorney communications and work-product.